IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DELTONA TRANSFORMER CORPORATION, a Florida Corporation, | |
| | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | Case No.: |
| THE NOCO COMPANY, an Ohio corporation. | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Deltona Transformer Corporation, by and through its undersigned attorneys, for its Complaint against Defendant, The Noco Company, states and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, unfair competition, and deceptive acts and practices in violation of the laws of the United States and the State of Florida.  Plaintiff seeks entry of a permanent injunction and an award of profits, damages, and other related relief.

## THE PARTIES

2.      Plaintiff, Deltona Transformer Corporation ("Plaintiff" or "DTC") is a Florida corporation with its principal place of business at 801 International Speedway Blvd., Deland, Florida 32724.

3.      Defendant, The Noco Company ("Defendant" or "NOCO") is an Ohio corporation with its principal place of business at 30339 Diamond Parkway #102, Glenwillow, Ohio 44139.

47905616;1

## JURISDICTION AND VENUE

4.      Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of Florida.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over Defendant because, upon information and belief, (1) Defendant has committed, and continues to commit, acts of infringement in the Middle District of Florida (the "District"); and (2) Defendant has purposefully directed infringing conduct at Plaintiff in the State of Florida, which has caused and continues to cause Plaintiff harm in the State of Florida.

6.       Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant is subject to personal jurisdiction in the District and has committed acts of infringement in the District.

## GENERAL ALLEGATIONS

### Plaintiff's BATTERY TENDER® Marks

7.      DTC is a privately-owned company, started in 1965.  Since that time, DTC has engaged in designing, manufacturing, and distributing technologically advanced products in the automotive, motorcycle and power sport industries.

8.      Since as early as 1991, DTC has itself, and/or through its licensees, used the BATTERY TENDER® and DELTRAN BATTERY TENDER® trademarks (the "Marks") in commerce throughout the United States continuously in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of batteries,

2

battery chargers, battery jump starters, power inverters, battery charger accessories and other battery-related products.

9.      DTC is the owner of United States Trademark Registration No. 3474591 registered on July 29, 2008, on the Principal Register, for the trademark BATTERY TENDER® for battery charger products and U.S. Trademark Registration No. 4281421 registered January 29, 2013, for the trademark DELTRAN BATTERY TENDER® for battery charger products, battery charger accessories, and cigarette lighter adaptors. The foregoing registrations are both valid and subsisting, in full force and effect, and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Attached as **Composite Exhibit 1** are a true and correct copies of the registration certificates and maintenance records for Plaintiff's United States Trademark Registrations No. 3474591 and 4281421.

10.      DTC is the owner of United States Trademark Registration No. 4750963 registered on June 9, 2015, for the BATTERY TENDER® trademark for batteries, battery charger products, battery jump starters, battery voltage indicators, solar panels, and other battery-related products and accessories.  The foregoing registration is valid and subsisting and in full force and effect. Attached as **Exhibit 2** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 4750963.

11.      DTC is the owner of International Registration No. 1227645 for the BATTERY TENDER® trademark, registered July 29, 2014, for the various battery-related goods described below:

> Batteries; battery chargers; battery maintainers; battery monitors; battery testers; waterproof battery chargers; trickle battery chargers; renewable battery charger systems consisting primarily of battery charging devices, solar panels, charge controllers and battery cables; solar panels for production of electricity; power supplies for batteries; battery conditioners; battery voltage indicators; portable battery charger systems consisting primarily of battery charging devices, charge

controllers and battery cables; portable power supply systems consisting primarily of power supply devices, charge controllers and battery cables; battery jump starters; power supply connectors, battery charging devices and adaptors for use with portable electronic devices; battery cases; battery power connectors and adaptors; battery terminal connector clamps; carrying cases for battery chargers and accessories; digital voltage indicators; extension cables; and battery terminal harnesses.

Attached as **Exhibit 3** is a true and correct copy of the registration certificate for Plaintiff's International Registration No. 1227645.

12.    DTC is also the owner of over 35 other registrations worldwide for the BATTERY TENDER® trademark for similar goods identifications, including in Albania, Argentina, Armenia, Australia, Azerbaijan, Belarus, Brazil, Canada, Chile, China, Colombia, Cuba, Egypt, European Union, Georgia, Iceland, India, Indonesia, Israel, Japan, Kenya, Republic of Korea, Mexico, Norway, Philippines, Russia, Serbia, Singapore, South Africa, Switzerland, Thailand, Turkey, Ukraine, Venezuela, Vietnam, Taiwan.

13.    BATTERY TENDER® branded products have for decades been, and today remain, as top-selling batteries, battery chargers and battery-related accessories in the automotive, motorcycle, and power sport industries.

14.    BATTERY TENDER® branded battery chargers are consistently touted by the motorcycle and power sports industries as being the number one battery charger available.

15.    Plaintiff's Marks and the products offered thereunder have received significant unsolicited coverage in various forms of media and outlets.

16.    The BATTERY TENDER® brand battery charger has been the only official authorized battery charger for the Harley-Davidson® Motorcycle Company for over a decade.

17.    BMW® Automotive, BMW® Motorcycle, Lexus®, Corvette® and AAA® are all long-time customers of BATTERY TENDER® branded products.

4

18.     As a result of its widespread, continuous, and exclusive use of the Marks to identify its products and DTC as their source, Plaintiff owns and holds valid and subsisting federal statutory and common law rights to the Marks.

19.     DTC's Marks are distinctive to both the consuming public and Plaintiff's trade.

20.     DTC has expended substantial time, money, and other resources in developing, marketing, advertising, and otherwise promoting its Marks and products sold under the Marks.

21.     Plaintiff, through its licensees and authorized distributors, distributes, provides and sells the products under the Marks through various means and modes throughout the United States and the world, including at retail outlets, at wholesale, through institutional channels and specialty stores and on the Internet, including the website located at www.batterytender.com.

22.     Representative examples of DTC's BATTERY TENDER® branded products are shown below and attached as **Exhibit 4**.  As seen and evidenced in the product descriptions on the products' labels, the images include a power sport battery, an automatic battery charger, a battery charger and maintainer, and a power inverter, all branded with DTC's Marks:






23.     As a result of DTC's extensive expenditures and efforts, the Marks are widely and favorably known across the United States and internationally to the trade and purchasing public to exclusively identify the sole source of the products offered by DTC, signify the high quality of the products designated by the Marks, and have acquired incalculable distinction, reputation, and goodwill value belonging exclusively to DTC.

24.     DTC has successfully policed, protected and enforced its Marks against past infringements, including, *inter alia*, *Deltona Transformer Corporation v. SHFT Global, Inc. et al.*, 6:14-cv-00825-CEM-GJK (M.D.Fla.).

25.     Upon information and belief, none of DTC's competitors (apart from Defendant NOCO as described below) use Plaintiff's Marks in advertising competing batteries, battery chargers and other battery-related products.

47905616;1

## DEFENDANT'S UNLAWFUL ACTIVITIES

26.     Defendant NOCO offers for sale battery chargers, jump starters, solar panels, portable power devices and other related products (www.no.co/about-us) that compete directly with DTC's BATTERY TENDER® branded products.

27.     Upon information and belief, learning of the selling power and value of the goodwill, distinction and reputation which DTC has created in the BATTERY TENDER® brand over the years, NOCO became incensed and focused on targeting DTC and its brand for its own benefit, including through comparative advertising, attempts to purchase the brand, and continuing unauthorized and improper uses of the Marks, all in a deliberate attempt to blatantly and deliberately divert attention and traffic to NOCO's battery charger products and to harm DTC and its brand.

28.     Initially, NOCO began its targeting DTC in comparative advertising campaigns that misused DTC's trademark.

29.     In particular, on or before June 5, 2015, DTC became aware of NOCO's infringing adoption and use of the BATTERY TENDER® trademark and confusingly similar variations of the trademark (hereinafter, the "Infringing Marks") to draw attention and traffic to Defendant's battery charger products on Amazon's website.

30.     Besides using the Infringing Marks as a keyword to trigger NOCO's targeted advertising on Amazon's website, Defendant launched an advertisement containing a variation of Plaintiff's Marks, namely, "TENDER" to refer to *DTC's* products.

31.     Defendant's ad read "*More Than Just A Tender.  The Ultimate Charger.*" An excerpt of the advertisement is shown below and a print out from the Amazon.com website is attached as **Exhibit 5**.



32.     Using keyword advertising and based upon the context and placement of the unlabeled advertisement, with no reference to NOCO's own brand anywhere in the ad, Defendant deliberately sought to draw attention and traffic to Defendant's own battery charger products using DTC's goodwill and distinction to harm DTC, its Marks and brand, and/or to mislead consumers as to the features and capabilities of DTC's battery charger products.

33.     On July 1, 2015, DTC sent NOCO a letter demanding that NOCO discontinue its unauthorized use of Plaintiff's Marks.

34.     On or about August 13, 2015, Defendant removed the objected-to advertisement from the Amazon website.

35.     Thereafter, on or before October 21, 2015, Defendant launched another almost identical advertising campaign using the Infringing Marks to again draw attention and traffic to NOCO's battery charger products.   The new version had the same content and contextual

47905616;1

placement as the prior ad, but added a reference to Defendant's brand "NOCO" at the top, as shown below:



A copy of the advertisement dated October 21, 2015 is attached as **Exhibit 6**.

36.     DTC thereafter contacted NOCO and demanded that the infringing advertisement be taken down, complaining of the use of DTC's Mark as "TENDER."

37.     Defendant again revised its advertising campaign, which corrected the reference to DTC's Mark in the claimed comparative advertisement from "TENDER" to use DTC's full mark "BATTERY TENDER":



A copy of the revised advertisement dated January 5, 2016 is attached as **Exhibit 7**.

9

38.     Subsequently, on September 14, 2016, and thereafter, NOCO began communicating its interest in acquiring the assets of DTC, stating to DTC that *NOCO* wanted to be involved in "***carrying on the legacy and passion of the Battery Tender brand***."

39.     After DTC did not entertain NOCO's purchase overtures, NOCO launched a new strategy to blatantly and deliberately divert attention and traffic to Defendant's battery charger products and to harm DTC and its brand.

40.     Rather than using the Infringing Marks to refer to DTC and its products, as NOCO's previously challenged and later removed advertisements had done, Defendant's new advertising campaign used the Infringing Marks to refer instead to NOCO's ***own*** brand in an effort to bootstrap its products to and benefit from the selling power of DTC's brand.

41.     For example, NOCO's ad launched on or before June 29, 2018, stated "The most advanced battery tender for any vehicle" using "battery tender" to refer to NOCO's ***own*** brand and product:



A copy of the advertisement is attached as **Exhibit 8**.

42.     On July 10, 2018, DTC issued yet another demand to NOCO objecting to such infringing ad campaign.

43.    By July 18, 2018, Defendant's advertisement was no longer visible on Amazon.com.

44.    However, on or before December 7, 2018, Defendant brought another infringing ad campaign that read "*The Winter **Battery Tender** with Zero Overcharge*" (emphasis added) referring to NOCO's **_own_** brand and product:



A copy of the advertisement is attached as **Exhibit 9**.

45.    On December 12, 2018, DTC again demanded that NOCO cease its use of DTC's Mark.

46.    By December 19, 2018, that ad was no longer visible on Amazon.com.

47.    Despite the specific above ads being no longer visible on Amazon, Defendant has acknowledged and continues to use the Infringing Marks in its advertising and marketing materials for its brand and products.

48.    Indeed, in what is yet another deliberate attempt to try and bootstrap its products to the selling power and goodwill derived from DTC's brand for NOCO's own benefit, and to DTC's detriment, NOCO has made and continues to make statements to third parties, including

potential consumers, that its products are "battery tenders."  For example, such a statement was made via a message from a NOCO Support Agent provided in an online chat message on January 31, 2019:



   A copy of the above screenshot is attached as **Exhibit 10**.

  49. Not only does NOCO's continuing use and statements make unauthorized use of DTC's Marks, but, it is now falsely representing to consumers that the Infringing Mark when used in all lowercase is somehow transformed from a federally-registered incontestable trademark exclusively owned by DTC into a replacement for the terms "battery charger" or "battery maintainer" despite the fact that, *inter alia*, consumers exclusively understand the Marks to identify DTC and its products, and no other competitor of DTC uses the Marks in such a way.

  50. Defendant's infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the NOCO's products and have and are likely to deceive the relevant consuming public into

47905616;1

believing, mistakenly, that NOCO's products originate from, are associated or affiliated with, or are otherwise authorized by DTC.

51.     Defendant's acts are willful with the intent to trade on the goodwill, distinction and reputation of Plaintiff's brand and Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to the Defendant.

52.     Defendant's acts are causing, and unless restrained, will continue to cause damage and irreparable harm to Plaintiff and to its valuable hard-earned reputation, distinction and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

53.     As a result of Defendant's infringing activities and unfair competition, Plaintiff has been damaged.

54.     DTC has retained the undersigned counsel and is obligated to pay it a reasonable fee in connection with this action.

## COUNT I
## Federal Trademark Infringement

55.     Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-54 in this Complaint as if fully set forth in this paragraph.

56.     DTC is the sole and exclusive owner of the federally-registered Marks.

57.     The Marks, as used by DTC in connection with its goods, are inherently distinctive and/or have acquired secondary meaning.

58.     Indeed, DTC's United States Registration No.'s 3474591 and 4281421 for the Marks are incontestable and, thus, it is conclusively presumed that such Marks are inherently distinctive and/or have acquired secondary meaning under 15 U.S.C.A. § 1115(b).

59.     Defendant has used and is continuing to use the Infringing Marks in providing identical or substantially similar goods and services to those offered by Plaintiff.

13

60.     Defendant's activities complained of herein have been without Plaintiff's consent.

61.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products, and is likely to cause consumers to believe, contrary to fact, that Defendant's products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill and reputation.

63.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

64.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## Federal False Designation of Origin and Unfair Competition

65.     Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-54 in this Complaint as if fully set forth in this paragraph.

47905616;1

66.     Defendant's unauthorized use in commerce of the Infringing Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products, and is likely to cause consumers to believe, contrary to fact, that Defendant's products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

67.     Defendant's unauthorized use in commerce of the Infringing Marks constitutes use of a false designation of origin and misleading description and representation of fact.

68.     Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

69.     Defendant's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

71.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III
## Common Law Trademark Infringement and
## Unfair Competition

72.     Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-54 in this Complaint as if fully set forth in this paragraph.

73.     The aforementioned acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of Florida.

74.     Such conduct on the part of Defendant has allowed Defendant to wrongfully profit and has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

75.     Defendant's actions as set forth above permit recovery of Defendant's profits, damages, and costs by Plaintiff, including treble damages and Plaintiff's attorney's fees.

76.     Defendant's conduct was malicious and wanton and Plaintiff is entitled to an award of punitive damages under Florida law.

## COUNT IV
### Florida's Deceptive and Unfair Trade Practices Act

77.     Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1-54 in this Complaint as if fully set forth in this paragraph.

78.     Defendant has been misleading consumers and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of its goods and services, and is otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq., Fla. Stat. (2011).

79.     Defendant's conduct has caused and is likely to continue to cause substantial injury to the public and to Plaintiff, entitling Plaintiff to injunctive relief and to recover damages, its costs and its reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Deltona Transformer Corporation, prays that this Court enter judgment against Defendant, The Noco Company, and in favor of Plaintiff as follows:

1.      Finding that Defendant's activities complained of herein are unlawful under Federal and Florida law;

2.      Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, managers, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities from:

   a.      manufacturing, distributing, supplying, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, supply, provide, sell, market, advertise or promote batteries, battery chargers and battery accessories bearing the mark BATTERY TENDER® or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's BATTERY TENDER® mark;

   b.      engaging in any activity that infringes Plaintiff's rights in its BATTERY TENDER® mark;

   c.      engaging in any activity constituting unfair competition with Plaintiff;

   d.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with

17

Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e.     using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.     registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark BATTERY TENDER® or any other mark that infringes or is likely to be confused with Plaintiff's BATTERY TENDER® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

3.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, supplied, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

47905616;1

4.      Directing Defendant to immediately cease all manufacture, display, distribution, supply, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark BATTERY TENDER® or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's BATTERY TENDER® mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark BATTERY TENDER® or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's BATTERY TENDER® mark, and to immediately remove them from public access and view.

5.      Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark BATTERY TENDER® or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's BATTERY TENDER® mark.

6.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

7.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

9.      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

10.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

11.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

12.     Awarding such other and further relief as the Court deems just and proper.

47905616;1

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 14, 2019                 Respectfully submitted,

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan
Florida Bar No. 58592
Stephen J. Giovinco
Florida Bar No. 567051
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel.: (561) 653-5000
Fax: (561) 659-6313
Email: patti.flanagan@akerman.com
Email: stephen.giovinco@akerman.com
Secondary Email: gabriela.batteiger@akerman.com
Secondary Email: luke.bovat@akerman.com

*Counsel for Plaintiff*
*Deltona Transformer Corporation*

21