UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELTONA TRANSFORMER CORPORATION,**

      **Plaintiff,**

v.                                 **Case No: 6:19-cv-308-Orl-41LRH**

**THE NOCO COMPANY,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 12) and Plaintiff's Response in Opposition (Doc. 27). The Motion requests that the Court dismiss the Complaint (Doc. 1) for lack of personal jurisdiction, or, in the alternative stay the case pending the resolution of cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB") or transfer the case to the Northern District of Ohio. (Doc. 12 at 1). United States Magistrate Judge Leslie R. Hoffman issued a Report and Recommendation ("R&R," Doc. 45) in which she recommends that the Motion be denied in its entirety. Defendant filed Objections to the R&R ("Objection," Doc. 46) and therein, it only objects to the R&R's recommendation denying Defendant's request to stay the case. (*Id.* at 2). Plaintiff filed a Response to Defendant's Objections ("Objection Response," Doc. 48). For the reasons stated herein, the Motion will be denied, and the R&R will be adopted and confirmed.

The question before the Court is whether this action should be stayed pending the cancellation proceedings currently before TTAB pursuant either to the primary jurisdiction doctrine or the Court's inherent power. To adequately understand the arguments propounded by

the parties and by Judge Hoffman in the R&R, the Court will provide a brief background of this case and the proceedings before TTAB.

## I. BACKGROUND

Plaintiff is a privately-owned company that engages in designing, manufacturing, and distributing products in the automotive, motorcycle, and power sport industries. (Doc. 1 ¶ 7). Plaintiff is the owner of various trademarks such as the marks BATTERY TENDER and DELTRAN BATTERY TENDER, United States Trademark Registration Nos. 3474591 and 4281421 respectively. (*Id.* ¶¶ 8–9). The Battery Tender mark is used for battery charger products. (*Id.* ¶ 9). The Deltran Battery Tender mark is also used for battery charger products and for battery charger accessories and cigarette lighter adaptors. (*Id.*). These two marks are the marks chiefly at issue in this case, along with United States Trademark Registration No. 4750963, also for BATTERY TENDER, but for batteries, battery charger products, battery jump starters, battery voltage indicators, solar panels, and other battery related products and accessories. (*Id.* ¶ 10).[1]

Plaintiff brings this action alleging trademark infringement, false designation of origin, unfair competition, and deceptive acts and practices. (*See generally id.*). Plaintiff alleges that Defendant sells battery chargers, jump starters, solar panels, portable power devices, and other related products that compete directly with Plaintiff's products. (*Id.* ¶ 26). According to Plaintiff, Defendant has been infringing on Plaintiff's marks as well as using confusing advertisements to draw attention away from Plaintiff's products and to Defendant's infringing ones. (*Id.* ¶¶ 28–29).

A month before the filing of this action, Defendant filed a Petition for Cancellation before TTAB seeking to have one of the registrations for the BATTERY TENDER mark cancelled,[2]

---

[1] Plaintiff also holds an International Registration for BATTERY TENDER, International Registration No. 1227645, and while it is at issue in this case, it is on the periphery for purposes of this Order. (Doc. 1 ¶ 11).

[2] There appears to be some confusion on the record about which registration number was the subject of the *first* cancellation proceeding. The R&R states that it was Registration No. 4750963. (Doc. 45 at 19). However, Plaintiff states that the *first* proceeding involved Registration

arguing that it has become generic. (Doc. 12 at 5; Petition for Cancellation, Doc. 12-3, at 2). Later, after Judge Hoffman issued the R&R, Defendant informed the Court in its Objection that it had begun a second Cancellation Proceeding for the other two registrations pleaded in the Complaint for BATTERY TENDER and DELTRAN BATTERY TENDER.[3] (Doc. 46 at 7). However, Plaintiff has since informed the Court that there is not a Cancellation proceeding pending for the three marks at issue in this case. TTAB consolidated the two proceedings, dismissed the claims against two of the marks, and has been allowed to proceed only the claim regarding Registration No. 4750963 for battery chargers. (Doc. 48 at 5–6; *see generally* TTAB Order, Doc. 48-2).

## II. ANALYSIS

In the R&R, Judge Hoffman determined that a stay would be inappropriate pursuant to both this Court's inherent authority and the doctrine of primary jurisdiction. "'Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1298 n.3 (11th Cir. 2001) (quoting *Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir. 1988)). "[T]he primary jurisdiction doctrine 'comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.'" *Id.* (quoting *United States v. Western Pac. R.R. Co.*, 352 U.S. 59, 64 (1956)).

Judge Hoffman reasoned that because this case and the TTAB proceedings are both in their infancy, it would not be more efficient for the Court to wait for the TTAB proceedings to conclude.

---

No. 3474591. (Doc. 48 at 4). And, Defendant states that Registration No. 4750963 was at issue in the *second* cancellation proceeding. (Doc. 46 at 8, n. 4).

[3] Regardless of the order of the registrations challenged, it is not disputed that Registration Nos. 3474591, 4281421, and 4750963 were all before TTAB at some point being challenged as generic.

Additionally, the TTAB proceedings would not be dispositive of all of the claims at issue in this case. At the time the R&R was issued, cancellation proceedings had only been initiated for one of the registrations for the BATTERY TENDER mark. And, now, the same rings true because the claims before TTAB involving the other two registrations for the BATTERY TENDER and DELTRAN BATTERY TENDER marks have been dismissed.

Further, despite Defendant's argument that a ruling on the genericness of BATTERY TENDER would be dispositive for all of Plaintiff's BATTERY TENDER marks, including DELTRAN BATTERY TENDER, this is not the case. The Order from TTAB dismissing the two marks from its review makes it clear that a determination of genericness is based on the consideration of the term as a whole, not on a component part. (Doc. 48-2 at 10 (citing *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 545–46 (1920)). Even if TTAB decides that the term BATTERY TENDER has become generic, that determination will not apply to the DELTRAN BATTERY TENDER marks. So, even if the Court stayed this case as to the mark currently being reviewed by TTAB, the claims before this Court regarding the other three marks would necessarily continue. It would not be an efficient use of judicial resources to stay claims regarding one mark while having claims based on three other marks proceed.

Additionally, any decision on genericness rendered by TTAB is not dispositive because it is reviewable by this Court *de novo*. This weighs against staying under both of Defendant's theories. Though Defendant cites *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293 (2015), for the proposition that issue preclusion applies to rulings from TTAB, Defendant is confused as to when issue preclusion applies. Not only does this Court have jurisdiction over issues of cancellation pursuant to 15 U.S.C. § 1119, but also any decision rendered by TTAB is reviewable *de novo* in this Court. 15 U.S.C. § 1071(b)(1); *see also Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 852–53 (2d Cir. 1988). The only time a decision rendered by TTAB on the issue of genericness would have preclusive effect would be if that decision was not appealed

either to this Court or to the Federal Circuit. *B & B Hardware*, 135 S. Ct. at 1301 ("After the TTAB decides whether to register the mark, a party can seek review in the U.S. Court of Appeals for the Federal Circuit, or it can file a new action in district court."). Indeed, in *B & B Hardware*, the parties "did not seek judicial review in either the Federal Circuit or District Court," causing TTAB's decision to become a final decision entitled to preclusive effect. *Id.* at 1302. If the Court were to stay this case pending TTAB's decision on the genericness of the single mark it is considering—Registration No. 4750963 for battery chargers—TTAB's decision would not be entitled to preclusive weight before this Court because Plaintiff could challenge the decision and receive a *de novo* review.

Finally, "[d]etermination of the propriety of registration and whether or not infringement has occurred will depend on dates of use, timing of acquisition of rights, strength of marks, and other factors germane to a likelihood of confusion. None of these issues requires the Court's deference to the TTAB's administrative expertise." *BP Int'l Rights Holdings, Inc. v. Boston Gourmet Coffeehouse, Inc.*, 6:07-cv-1783-Orl-22KRS, 2008 WL 11436772, at *1 (M.D. Fla. Jan. 2, 2008). Thus, any decision by TTAB will not be binding on this Court and will likely have very little effect otherwise on this Court's determination of validity because the issue being decided by the TTAB board is at least somewhat distinct from the issues before this Court. Accordingly, staying the case pursuant to primary jurisdiction would not be proper in this case.[4]

Defendant also objects to the R&R's findings, arguing that because Plaintiff has not alleged any ongoing infringement there is no urgent need for this case to continue, and thus it would not be prejudiced by a stay. Plaintiff responds and asserts that it does have an urgent need for relief from the Court and states that it has not acted in any way to the contrary. Regardless of whether

---

[4] Though the Eleventh Circuit has not weighed in on the applicability of the primary jurisdiction doctrine in a trademark infringement action, the First, Second, and Ninth Circuits have all ruled that it does not apply. (*See* Doc. 45 at 21–23 (collecting cases and explaining their outcomes)).

infringement is ongoing—Plaintiff claims it is—Plaintiff has brought a claim for infringement before this Court, and TTAB's ruling will not address infringement, only genericness of one of the four marks at issue here. And, as discussed above, a stay would not be an efficient use of judicial resources regardless of the urgency of Plaintiff's claims.

Thus, after a *de novo* review of the record, the Court agrees with Judge Hoffman's analysis. Defendant's Motion to Dismiss will be denied.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 45) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record