# Exhibit 1

**to Defendant and Counterclaimant The NOCO Company's
Motion to Exclude the Testimony of Philip Green**

**Filed Redacted**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELTONA TRANSFORMER )
CORPORATION, a Florida corporation, )
Plaintiff, )
) Case No. 6:19-cv-308-CEM-LRH
v. )
)
THE NOCO COMPANY, an Ohio )
corporation, Defendant. )
)

**EXPERT REPORT OF PHILIP GREEN REGARDING DAMAGES**

**February 6, 2020**

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

## I.      Preliminary Statement

1.   I have been retained by Fox Rothschild LP, counsel for Deltona Transformer Corporation ("Deltona" or "DTC" or "Plaintiff"), to provide an independent and objective opinion of the damages suffered, if any, as a result of The NOCO Company's ("NOCO" or "Defendant") trademark infringement and unfair competition resulting from the infringing use of certain registered and common law trademarks held by Deltona. I have also been asked to respond, if necessary, to any expert report regarding damages prepared on behalf of NOCO.

2.   Deltona is the owner of the following trademarks:

   • U.S. Trademark Registration No. 3474591 for the trademark BATTERY TENDER® for battery charger products;

   • U.S. Trademark Registration No.4281421 for the trademark DELTRAN BATTERY TENDER® for battery charger products, battery charger accessories, and cigarette lighter adaptors;

   • U.S. Trademark Registration No. 4750963 for the BATTERY TENDER® trademark for batteries, battery charger products, battery jump starters, battery voltage indicators, solar panels, and other battery-related products and accessories; and

   • International Registration No. 1227645 for the BATTERY TENDER® trademark for various battery-related goods.

   Deltona also owns more than 35 other registrations worldwide for the BATTERY TENDER® trademark for similar goods.[1]

3.   Deltona alleges that NOCO has infringed its trademarks through, *inter alia*, unauthorized use of the trademarks, including in the content of advertisements, in communications with customers, and inappropriate comparative and keyword advertising, particularly, but not exclusively, on Amazon.com.

4.   For the purposes of this report, I have assumed that NOCO is found to have infringed Deltona's trademarks and/or unfairly competed. I also have assumed that Deltona is legally entitled to recover damages from NOCO.

5.   This report presents my analysis of financial, accounting, and economic factors that are related to the evaluation of Deltona's damages.  I have obtained my understanding of the market for battery chargers and the related industry from a variety of sources that are noted throughout this report. However, I have not been asked to provide, nor am I providing, opinions on liability in this matter.

6.   This report also necessarily discusses various statutes and precedents related to the evaluation of damages in this matter.  Other than to apply these statutes and precedents to my analysis of the facts of this matter, I have not been asked to provide, nor am I providing, legal opinions regarding the case law cited.

---

[1] Complaint for Damages and Injunctive Relief, February 14, 2019 ("Complaint"), pp. 3-4.

7.   In preparing this analysis, I have reviewed documents produced in this matter, pleadings, and other court documents.  In addition, I have performed my own independent research.  I also spoke with ███████████████████████, who has served as Plaintiff's ███████ ████████████████████.  Exhibit A is a list of the documents and other information that I have considered in forming my opinions.

8.   To the extent that additional information is provided to me that affects the conclusions or opinions herein, I may supplement or amend my analysis as appropriate.[2]

## II.      Professional Experience, Qualifications, and Compensation

9.   I am one of four founding principals in the consulting firm of Hoffman Alvary & Company LLC, located in Newton, Massachusetts.  Prior to founding the firm in October 1996, I was a senior manager in the Dispute Analysis and Corporate Recovery Services practice of Price Waterhouse LLP, an international accounting and consulting firm.  As part of my work, I am regularly involved in the valuation and licensing of intellectual properties including patents related to consumer products, electronics, software, and pharmaceuticals.

10.  For much of the past twenty years, my practice has focused on matters involving intellectual property.  This work has generally included four categories of services: (1) valuation of intellectual properties for transactions and providing opinions regarding the fairness of the compensation paid for the use of an intellectual property; (2) licensing assistance, including developing monetization strategies and evaluation of deal terms; (3) royalty auditing; and (4) analysis of damages in infringement actions including the lost profits and reasonable royalties from allegations of patent infringement and unjust enrichment that may result from claims of trademark and copyright infringement or trade secret misappropriation.  My work in these areas includes analyses related to pharmaceutical technologies, medical devices, consumer products including automobiles, snowmobiles and other athletic equipment, software and hardware, among others.

11.  Throughout my career I have been involved in a variety of matters related to the financial aspects of the manufacture, supply and distribution of auto parts and accessories in the United States. For example, for many years, I analyzed accounting and costing issues for a Tier-1 parts supplier related to its manufacture and sale of original equipment and replacement parts throughout the U.S. More recently, I have worked on behalf inventors with technologies used by the automobile industry and have provided financial analysis related to injury associated with the use of certain Jeep trademarks and trade dress.

12.  I obtained my undergraduate degree in history from Rutgers College and received a master of business administration degree with a concentration in accounting from Rutgers Graduate School of Management.  I am licensed as a Certified Public Accountant by the State of New York and have earned the Certified Management Accountant designation.  I have also been accredited by the AICPA in Business Valuation ("ABV") and have earned the Accredited Senior Appraiser ("ASA") designation from the American Society of Appraisers in the Business Valuation discipline.

---

[2] In particular, I intend to respond to any deductions or other apportionment related to the calculation of NOCO's profits that are presented in rebuttal reports prepared by NOCO's expert(s) in this matter.

13. My firm, Hoffman Alvary & Company LLC, is being compensated at the rate of $625 per hour for my work on this engagement and at hourly rates for others who have provided assistance under my direction and supervision on this engagement.  My firm's compensation is not affected by the outcome of this matter.

## III.   Summary of Opinions

14. Based on the documents and other information I have reviewed to date, as well as my background, training and experience, I have reached the following conclusions regarding damages in this matter:



The following provides the background and support for these opinions.

## IV.   Background

### A.  Parties to This Action

#### 1.  Deltona Transformer Corporation

15. Deltona, through its licensee, designs, manufactures, and distributes technologically advanced products including batteries, battery chargers, jump starters, inverters, and various accessories.  The company was established in 1965 and is privately owned.[3]

16. According to Deltona's website, its business partners include the American Automobile Association ("AAA"), Canadian Automobile Association ("CAA"), BMW, Lexus, Harley-Davidson, and others.[4]

17. Since as early as 1991, Deltona asserts that it has itself, and/or through its licensees, continuously used the BATTERY TENDER® and DELTRAN BATTERY TENDER® trademarks (the "Marks") in commerce throughout the United States in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of batteries, battery chargers, battery jump starters, power inverters, battery charger accessories and other battery-related products.[5]

---

[3] http://www.batterytender.com/about-us.
[4] http://www.batterytender.com/.
[5] Complaint, pp. 2-3.

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

### 2. The NOCO Company

18. NOCO designs and manufactures consumer battery chargers, jump starters, solar panels, and portable power devices, as well as a range of related battery products and accessories. I understand that NOCO began selling battery charger products in 2009. The company was established in 1914 and is based in Cleveland, Ohio.[6]

19. In addition to serving as its global headquarters, NOCO's Cleveland location also includes manufacturing, a distribution center, and a sales office. NOCO also maintains a research and development facility in Phoenix, Arizona, a distribution center in the Netherlands, and a manufacturing and sales office in Hong Kong.[7]

20. NOCO asserts that it and Deltona are competitors that operate in the same industry and sell competitive products, namely, battery chargers.[8]

21. I understand that NOCO owner and president, Mr. Jonathan Nook, has indicated that NOCO sells its products on its own website and through online platforms such as Amazon. I further understand that NOCO contracts with Amazon to display the Defendant's advertisements, but only when certain keywords are entered into Amazon's website.[9]

### B. The Trademarks At Issue

#### 1. Background

22. As previously noted, Deltona owns U.S. Trademark Registrations and International Registrations for the BATTERY TENDER® and DELTRAN BATTERY TENDER® trademarks (collectively, the "Asserted Marks") in connection with a variety of batteries, battery charger products, and battery-related accessories.

23. Specifically, Deltona is the owner of the following trademarks:[10]

- U.S. Trademark Registration No. 3474591, registered on July 29, 2008, for the trademark BATTERY TENDER® for battery charger products;

- U.S. Trademark Registration No.4281421, registered January 29, 2013, for the trademark DELTRAN BATTERY TENDER® for battery charger products, battery charger accessories, and cigarette lighter adaptors;

- U.S. Trademark Registration No. 4750963, registered on June 9, 2015, for the BATTERY TENDER® trademark for batteries, battery charger products, battery jump starters, battery voltage indicators, solar panels, and other battery-related products and accessories; and

- International Registration No. 1227645, registered July 29, 2014, for the BATTERY TENDER® trademark for various battery-related goods described below:

---

[6] https://no.co/about-us.
[7] https://no.co/about-us.
[8] Defendant The NOCO Company's Answer, Affirmative Defenses, and Counterclaims, November 12, 2019, p. 13.
[9] Report and Recommendation re: Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay, September 16, 2019, p. 10.
[10] Complaint, pp. 3-4.

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

Batteries; battery chargers; battery maintainers; battery monitors; battery testers; waterproof battery chargers; trickle battery chargers; renewable battery charger systems consisting primarily of battery charging devices, solar panels, charge controllers and battery cables; solar panels for production of electricity; power supplies for batteries; battery conditioners; battery voltage indicators; portable battery charger systems consisting primarily of battery charging devices, charge controllers and battery cables; portable power supply systems consisting primarily of power supply devices, charge controllers and battery cables; battery jump starters; power supply connectors, battery charging devices and adaptors for use with portable electronic devices; battery cases; battery power connectors and adaptors; battery terminal connector clamps; carrying cases for battery chargers and accessories; digital voltage indicators; extension cables; and battery terminal harnesses.

24. Deltona also owns more than 35 other registrations worldwide for the BATTERY TENDER® trademark for similar goods identifications, including in Albania, Argentina, Armenia, Australia, Azerbaijan, Belarus, Brazil, Canada, Chile, China, Colombia, Cuba, Egypt, European Union, Georgia, Iceland, India, Indonesia, Israel, Japan, Kenya, Republic of Korea, Mexico, Norway, Philippines, Russia, Serbia, Singapore, South Africa, Switzerland, Thailand, Turkey, Ukraine, Venezuela, Vietnam, Taiwan.[11]

25. Deltona, through its licensees and authorized distributors, distributes, provides and sells battery chargers using the trademarks through various means and modes throughout the United States and the world, including at retail outlets, at wholesale, through institutional channels and specialty stores and on the Internet, including the website located at www.batterytender.com.[12]

26. Deltona's trademarks are used in a variety of print and online advertisements and other marketing materials. The company maintains a "Brand Guidelines" document which provides guidance to "all Battery Tender® communicators" regarding "the correct and consistent use of the Battery Tender® identity."[13] The guidelines include specific rules about the use of the Battery Tender® brand name, as well as rules about the use of the Battery Tender® logo, colors, typography, and other brand elements.[14]

   *2. NOCO's Petition to Cancel Registration No. 4750963*

27. Less than one month before Deltona filed the complaint in this case, NOCO filed a petition with the Trademark Trial and Appeal Board ("TTAB") to cancel the registration of the BATTERY TENDER mark with Registration No. 4750963.

28. NOCO claims that cancellation is appropriate because the BATTERY TENDER mark has become a generic term for a type of battery charger.[15]

---

[11] Complaint, p. 4.
[12] Complaint, p. 5.
[13] DTC0001720 at 1722.
[14] DTC0001720-1750. See DTC0001728 for rules about the use of the Battery Tender® brand name.
[15] Report and Recommendation re: Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay (Doc. 12), September 16, 2019, pp. 18-19.

6

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

29. Deltona argues that the BATTERY TENDER® mark is a "fanciful expression" that is "inherently distinctive" and "requires consumers to exercise imagination, thought, and perception to reach a conclusion about the nature of [Plaintiff's] goods."[16]  Further, the United Stated Patent and Trademark Office would not have granted trademark registrations to Deltona for the Asserted Marks if it considered them to be merely descriptive phrases rather than distinctive marks.  I understand that in reviewing trademark applications filed by the Plaintiff, the Examiner found the only descriptive component of the trademarks was the term "BATTERY."[17]

30. I understand that the TTAB matter has not been resolved.  I also understand that NOCO's TTAB petition does not seek cancellation of the registrations for the DELTONA BATTERY TENDER marks.[18]

   *3. Evidence of Confusion*

31. Documents produced in this case show evidence of confusion relating to Defendant's alleged misuse of the BATTERY TENDER® term.



32.

33.

---

[16] DTC0000520 at 619.
[17] See, also, DTC0000520 at 620-622.
[18] Report and Recommendation re: Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay (Doc. 12), September 16, 2019, pp. 18-19.
[19] NOCO0000936.  See Case No. 84039.
[20]
[21]
[22]
[23]
[24]

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

[REDACTED] [25]
[REDACTED]

### C.  NOCO's Alleged Misuse of the Asserted Marks in Amazon Advertising Campaigns[26]

34. Deltona asserts that NOCO has improperly used its Battery Tender trademarks in connection with sales made through the Amazon website and other channels.  Documents produced by NOCO indicate that NOCO's first infringing ad campaign on Amazon began on December 11, 2014.[27]  As early as June 5, 2015, Deltona was aware that NOCO was using the BATTERY TENDER® trademark in a confusing manner to draw attention and traffic to Defendant's battery charger products on Amazon's website. Deltona also asserts that around this time period, NOCO used the word "Tender" – a variation of its trademarks – to trigger NOCO's targeted advertising on Amazon's website. On July 1, 2015, Deltona sent NOCO a letter demanding that NOCO discontinue its unauthorized use of the Asserted Marks.  NOCO removed its advertisement from Amazon in August 2015.

35. Deltona also asserts that around October 2015, NOCO launched a nearly identical campaign using infringing marks in a confusing manner to draw attention and traffic to Defendant's battery charger products.  I understand that this campaign differed only in that it referenced Defendant's brand "NOCO" at the top.  Again, Deltona demanded that NOCO remove its infringing advertisement. In response, NOCO revised its advertising campaign and in January 2016 began using "BATTERY TENDER", Deltona's full trademark, in its advertising campaign.

36. More recently, Deltona asserts that in 2018, NOCO ran several keyword advertising campaigns on Amazon using the trademark "Battery Tender" or its variants as the search term. In these instances, NOCO's products would be the first search result returned to a consumer that entered the search phrase "battery tender" on Amazon.  Deltona asserts that such tactics constitute an unlabeled advertisement and trademark infringement. Deltona asserts that Defendant deliberately sought to draw attention and traffic to Defendant's own battery charger products using the goodwill and name recognition of Deltona's trademarks in an attempt to harm Deltona's brand.

37. Specifically, on or before June 29, 2018, an ad for NOCO's products stated, "The most advanced batter tender for any vehicle." On July 10, 2018, Deltona issued a third objection to NOCO's infringing ad campaign.  NOCO removed this advertisement from Amazon at least a month later.

38. Moreover, on or before December 7, 2018, NOCO launched another ad campaign reading "The Winter Battery Tender with Zero Overcharge."  I understand that on December 19, 2018, Deltona again demanded that the Defendant cease use of the Asserted Marks.  The ad was removed from Amazon.com shortly thereafter. However, I further understand that as of January 31, 2019, NOCO continues to utilize the Asserted Marks in an infringing manner in statements to third parties.  For example, prior to July 11, 2019, NOCO added Plaintiff's Marks into the content of its product descriptions on Amazon.  The Marks were removed by Amazon on July 19, 2019.

39. As a result of Defendant's continued use of the Asserted Marks, Deltona has again taken action against Defendant in this suit.

---

[25] [REDACTED]
[26] Complaint, pp. 8-12.
[27] See Exhibit D.

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**D.  The Battery Charger Market**

40. A battery charger is a device used to transfer energy into a rechargeable battery by passing an electric current through it.  Some battery chargers must be manually disconnected by the constant voltage source whereas others may use a timer for cutting off the power at fixed intervals.[28]  Battery chargers are particularly important for persons leaving their battery-powered devices inactive for weeks (such as persons leaving their cars unused during a vacation).

41. Batteries are discharged when they deliver stored electrical charge to an appliance or vehicle to perform some type of work.  Charging a battery reverses that process and attempts to restore charge to be used during the next discharge event. The electric charge is supplied by an electronic power supply with special control circuitry to tailor the output characteristics of the power supply to the specific needs of a battery. Battery charges have advanced as a parallel effort with the advance of computer control technology.[29]

42. Over the next five years, demand for rechargeable batteries and, correspondingly, battery chargers, is expected to rise.  This expected increase in demand is associated in part with a corresponding rise in demand for hybrid and electric vehicles.  Globally, the battery charger market is exhibiting a compounded annual growth rate of approximately 8.3%.[30]

43. In addition to the parties in this case, battery-focused brands in the automotive and/or power sport categories include AC Delco, Interstate, AutoCraft, Stanley, Schumacher, Motopower, Battery MINDer, and LST.[31]

**E.  Statutory Framework For Damages**

44. I understand that remedies for trademark infringement, trade dress infringement, false advertising, and unfair competition include: (1) the defendant's profits; (2) any actual damages sustained by the plaintiff; and (3) the costs of the action.  Actual damages sustained by the plaintiff can include its lost profits and any additional losses it incurred (or may incur) as a result of the trademark infringement, trade dress infringement, or false advertising.[32]

**Opinion I:**   

45. As previously discussed, NOCO has run various advertising campaigns on Amazon using the trademark "Battery Tender" or its variants in the text of the ads, as search term keywords, and in connection with customer communications.

---

[28] https://www.researchandmarkets.com/reports/4775569/battery-charger-market-global-industry-trends.

[29] http://www.batterytender.com/battery-charging-basics.

[30] IBISWorld Industry Report 33591, *Battery Manufacturing in the US,* August 2019, p. 9; https://www.researchandmarkets.com/reports/4775569/battery-charger-market-global-industry-trends.

[31] DTC0001755 at 1770-1771.

[32] 15 U.S.C. Section 1117(a).

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

46. Documents produced by NOCO indicate that NOCO's first infringing ad campaign on Amazon began on December 11, 2014.[33] Further, I understand that NOCO has continued to sporadically advertise its products on Amazon using one or more of Deltona's trademarks.  Based on the information provided, it is not possible to determine whether customers who saw the allegedly infringing Amazon advertising campaigns actually later made a NOCO purchase without clicking directly on the accused NOCO advertisement.  Similarly, it is not possible to determine which customers may have clicked on an accused NOCO advertisement and added an item to their Amazon cart but did not complete the purchase until a later date.

47. Accordingly, I have calculated NOCO's total sales made on Amazon from the date of the first accused advertising campaign that Deltona asserts used its trademarks.[34] Exhibits C-1 and C-2 summarize sales of NOCO products on Amazon from March 2014 through January 30, 2020.



48. Deltona's complaint also alleges that in more recent campaigns on Amazon, NOCO has used its trademarks in connection with search phrases.  Reports from Amazon evidence the revenues that it received as a direct result of customers clicking on these search terms.



49. Further, NOCO indicates that it also has made direct sales, including through its own website and other direct-to-customer sales, as well as through other online venues, which likewise are potentially based on its use of Deltona's Asserted Marks.[36]  To date, I have not been provided with any details of these other NOCO sales by customer, its invoices for relevant battery charger sales, or documents summarizing its sales by accounting period.  To the extent that NOCO produces information or other information is received regarding the allegedly infringing sales made directly and through other non-Amazon venues, I will update my calculations as appropriate.

**Opinion II:** ███████████████████████████████████████████████████
█████████████████████████████████████████████████████████████

50. Deltona also has suffered actual damages in the form of █████████████████ due to NOCO's alleged trademark infringement and unfair competition.

---

[33] See Exhibit D.

[34] To the extent that additional data is produced that evidences that NOCO's alleged trademark infringement began as of an earlier date, I will update my calculations as appropriate.

[35] ████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████

[36] Report and Recommendation re: Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay, September 16, 2019, p. 10.

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

51. As previously discussed, NOCO's alleged trademark infringement began as early as December 2014, but NOCO withdrew certain accused Amazon campaigns after it was confronted by Deltona. Also as previously discussed, I understand that in 2018 NOCO launched additional Amazon campaigns that infringe on the Asserted Marks.  Exhibit D shows that NOCO began at least eight "Battery Tender" campaigns on Amazon in 2018.[37]

52. In response to NOCO's more recent Amazon advertising campaigns, I understand from discussions with ████████████████████ that Deltona was required to ████████████████████████████████████████████████████ .

53. Accordingly, I have analyzed Deltona's ███████████ on ████████████████ ██████ incurred in periods prior to NOCO's more recent advertising campaigns with the costs in periods during which these accused NOCO campaigns were active.  The table below summarizes Deltona's estimated █████████████████████████ , with ██████ ██████████████ .[38]

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

54. I understand that witnesses for Deltona will testify at trial to these amounts and the sources from which they were derived.

55. For purposes of computing Deltona's ████████████ , I understand from █████████ that absent NOCO's alleged trademark infringement, Deltona would not have needed ███████████████ ████████████████████████ .  Specifically, in 2019, in order to maintain its rankings in Amazon searches, Deltona's ██████████████████████████████████████ .  Further, ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ and that certain of NOCO's advertising bids are even higher, in some instances exceeding the retail price of some of the goods sold under the keyword brand.

56. In 2019, Deltona █████████████████████████████████████████ . ████████ ████████████████████████████████████████████████████ .  Thus, in total, Deltona's ████████████████████████████████████████████████████ .

---

[37] I further note that an additional three "Battery Tender" campaigns began in late 2017.  See Exhibit D.

[38] ████████████████████████████████████████████████████ I also note that the ████████ ████████████████████████████████████████████████████ .

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

███████████████.  Thereafter, these damages will continue to accrue if NOCO continues to use the Mark or otherwise run confusing or deceptive advertising.

57. I also understand it may be necessary for Deltona to make ████████████████████ beyond the period stated above in paragraph 56. Such ███████████████ appearing in the same media and the same manner as the original infringing or deceptive advertising and communications, and would represent further actual damages.

## V.      Exhibits

58. I expect to use this report, the attached exhibits, and any reports prepared by the Defendants' damages expert(s) in support of any testimony that may be offered at trial.  In addition, documents and deposition testimony listed in Exhibit A may also be used as exhibits. However, a final determination of the documents and exhibits that may be used at trial has not been made.  Additional demonstrative exhibits to be used at trial will be provided in accordance with the schedule provided by the Court.


_____
Philip Green
February 6, 2020

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**Exhibit A**

---

**Documents Considered**

---

*Court Documents and Pleadings*

---

Complaint for Damages and Injunctive Relief, February 14, 2019
Defendant The NOCO Company's Answer, Affirmative Defenses, and Counterclaims, November 12, 2019
Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay, March 7, 2019
Plaintiff's Motion to Compel Production of Documents and to Overrule Objections to Plaintiff's First Requestion for Production, and
   for an Expedited Briefing Schedule and Relief, October 18, 2019
Report and Recommendation re: Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay, September 16, 2019
Response to Defendant's Objections to The Magistrate's Report and Recommendation, October 11, 2019

*Public Source Documents*

---

http://www.batterytender.com/
http://www.batterytender.com/about-us
http://www.batterytender.com/battery-charging-basics
https://no.co/about-us
https://www.researchandmarkets.com/reports/4775569/battery-charger-market-global-industry-trends
IBISWorld Industry Report 33591, Battery Manufacturing in the US, August 2019

███████████████████████████████████████████████████████████

*DTC Documents (Non-Bates-Numbered)*

---

DTC Estimated Marketing Spend
Deltran Operations USA, Inc. Income Statement for January 2018 - December 2018
Deltran Operations USA, Inc. Income Statement for Fiscal Year 2019

*Bates-Numbered Documents*

---

| | | |
|---|---|---|
| DTC0000520-DTC0000777 | NOCO0000530 | NOCO0000941 |
| DTC0000619 | NOCO0000531 | NOCO0000942 |
| DTC0000620 | NOCO0000537 | NOCO0000948 |
| DTC0001720-DTC0001750 | NOCO0000538 | NOCO0000949 |
| DTC0001755 | NOCO0000539 | NOCO0000950 |
| DTC0001876 | NOCO0000540 | NOCO0000951 |
| DTC0002035-DTC0002037 | NOCO0000541 | NOCO0000952 |
| DTC0002038-DTC0002115 | NOCO0000542 | NOCO0000953 |
| DTC0002147-DTC0002151 | NOCO0000560 | NOCO0000954 |
| DTC0002289-DTC0002294 | NOCO0000561 | NOCO0000955 |
| DTC0002295-DTC0002299 | NOCO0000562 | NOCO0000956 |
| DTC0002300-DTC0002304 | NOCO0000563 | NOCO0000957 |
| DTC0002305-DTC0002309 | NOCO0000581 | NOCO0000958 |
| DTC0002310-DTC0002315 | NOCO0000582 | NOCO0000959 |
| DTC0002316-DTC0002322 | NOCO0000600 | NOCO0000960 |
| DTC0002323-DTC0002327 | NOCO0000601 | NOCO0000961 |
| DTC0002328-DTC0002339 | NOCO0000619 | NOCO0000962 |
| DTC0002340-DTC0002351 | NOCO0000620 | NOCO0000963 |
| NOCO0000001-NOCO0000234 | NOCO0000621 | NOCO0000964 |
| NOCO0000235 | NOCO0000748 | NOCO0000965 |
| NOCO0000238 | NOCO0000756 | NOCO0000966 |
| NOCO0000285 | NOCO0000768 | NOCO0000967 |
| NOCO0000296 | NOCO0000781 | NOCO0000968 |
| NOCO0000327 | NOCO0000802 | NOCO0000969 |
| NOCO0000331 | NOCO0000810 | NOCO0000970 |
| NOCO0000472 | NOCO0000844 | NOCO0000971 |
| NOCO0000490 | NOCO0000878 | NOCO0000972 |
| NOCO0000500 | NOCO0000923 | NOCO0000980 |
| NOCO0000501 | NOCO0000929 | NOCO0000981 |
| NOCO0000511 | NOCO0000930 | NOCO0000982 |
| NOCO0000512 | NOCO0000931 | NOCO0000983 |
| NOCO0000522 | NOCO0000932 | NOCO0000984 |
| NOCO0000523 | NOCO0000933 | NOCO0000985 |
| NOCO0000524 | NOCO0000934 | NOCO0000986 |
| NOCO0000525 | NOCO0000935 | NOCO0000987 |
| NOCO0000526 | NOCO0000936 | NOCO0000988 |
| NOCO0000527 | NOCO0000937 | NOCO0000989 |
| NOCO0000528 | NOCO0000939 | NOCO0000990 |
| NOCO0000529 | NOCO0000940 | SUB1003073 |

I note that the Bates number listed is the first Bates number of the document, unless otherwise indicated.

Exhibit B

## PHILIP GREEN

| | |
|---|---|
| **POSITION** | Principal of Hoffman Alvary & Company LLC |
| | Phone: (617) 209-5106<br>philgreen@hoffmanalvary.com |
| **EDUCATION** | B.A., History, 1984 – Rutgers College<br>M.B.A., Accounting, 1987 – Rutgers Graduate School of Management |
| **PROFESSIONAL AND BUSINESS HISTORY** | 1996 – Present: Principal Hoffman Alvary & Company LLC, Newton, MA |
| | 1994 – 1996: Price Waterhouse LLP, Manager/Senior Manager, Dispute Analysis and Corporate Recovery Services, New York |
| | 1988 – 1994: Executive Consultant, Peterson Consulting Limited Partnership, New York |
| | 1987 – 1988: Staff Accountant, Ernst & Whinney, New York |
| | 1984 – 1985: Paralegal, Anderson, Russell, Kill & Olick, Washington, D.C. and New York |
| | Dispute Analysis Consulting – Accounting, financial analysis, and valuation assistance in connection with litigated matters focusing on intellectual property infringements, contract breaches, professional malpractice and investigations before the International Trade Commission. Work has included the calculation of lost profits and reasonable royalty damages, forensic and investigative accounting, valuation, opinions regarding commercial success and the evaluation of domestic industry and remedy issues. This assistance has been provided to a broad range of industries including: computer software and hardware, telecommunications and electronics companies, pharmaceutical, medical device, and biotechnology entities, and steel, glass and other manufacturers. Served as expert witness on damages, royalties, valuation and accounting-related issues. |
| | Other Consulting – Engagements related to intangible assets have included preparation of valuations in connection with purchases, sales and donations, royalty auditing and development of patent and intellectual property licensing strategies. Other consulting assistance has included business valuations, providing opinions on the "fairness" of compensation in transactions, and assistance with issues related to bankrupt or troubled companies. |
| **PROFESSIONAL AND BUSINESS AFFILIATIONS** | Certified Public Accountant – Registered to Practice by the State of New York<br>Certified Management Accountant<br>Accredited in Business Valuation by the AICPA<br>Accredited Senior Appraiser – Business Valuation<br>Member, American Institute of Certified Public Accountants<br>Member, New York State Society of Certified Public Accountants<br>Member, Institute of Certified Management Accountants<br>Member, American Society of Appraisers<br>Member, Licensing Executive Society |

Exhibit B

## Philip Green

### <u>Testimony – January 2014 – Present</u>

*<u>Mass Engineered, Inc. v. Humanscale, Inc.</u>, Federal Court – Eastern District of Virginia – Deposition

*<u>Ascion LLP et al. v. Rouey Lung, Inc. et al.</u>, Federal Court – District of Massachusetts – Trial before Judge O'Toole

*<u>Cheese Systems Inc. v. Tetra Pak Cheese & Powder Sys., Inc. et al.</u>, Federal Court – Western District of Wisconsin – Trial before Judge Crabb

*<u>Certain Point-to-Point Network Communication Devices and Products Containing Same</u>, Investigation No. 337-TA-892, International Trade Commission – Deposition

*<u>In the Matter of a Plan of Compromise or Arrangement of Nortel Networks Corporation et al.</u>, Ontario Superior Court of Justice and United States Bankruptcy Court for the District of Delaware – Deposition and Trial

*<u>GeoTag, Inc. v. Starbucks Corp. et al.</u>, Federal Court – Eastern District of Texas – Deposition

*<u>B. Ravo and E. Nicolo v. Covidien LP</u>, Federal Court – Western District of Pennsylvania – Deposition

*<u>Trebro Manufacturing, Inc. v. FireFly Equipment, LLC</u>, Federal Court – District of Montana – Deposition

<u>Finn v. Ballentine Partners LLC</u>, American Arbitration Association – Deposition and Hearing before three judge panel

*<u>BioMarin Pharmaceutical, Inc. v. Duke University</u>, United States Patent Trial and Appeal Board – Declaration and Testimony via Deposition

*<u>Amneal Pharmaceuticals LLC v. Supernus Pharmaceuticals, Inc.</u>, United States Patent Trial and Appeal Board – Declaration and Testimony via Deposition

*<u>GeoTag, Inc. v. AT&T Mobility, LLC et al.</u>, Federal Court – Northern District of Texas – Deposition

*<u>Accusoft Corporation v. Quest Diagnostics, Inc. and Medplus, Inc.</u>, Federal Court – District of Massachusetts – Deposition

*<u>Target Corp. v. Destination Maternity Corp.</u>, United States Patent Trial and Appeal Board – Declaration and Testimony via Deposition

<u>Stockholder Representatives for Interlace Medical, Inc. v. Hologic, Inc.</u>, Chancery Court for the State of Delaware – Deposition and Trial

*<u>Adaptix, Inc. v. LG Electronics, Pantech Wireless, Inc., AT&T Mobility LLC, Verizon Wireless et al.</u>, Federal Court – Eastern District of Texas – Deposition

* Denotes matter involving intellectual property

**Exhibit B**

*Adaptix, Inc. v. Apple, Inc., HTC Corporation, AT&T Mobility LLC, Verizon Wireless et al., Federal Court – Northern District of California – Deposition

*Adaptix, Inc. v. Ericsson, Inc., AT&T Mobility LLC, T-Mobile USA, Inc. et al., Federal Court – Eastern District of Texas – Deposition

*Adaptix, Inc. v. Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Verizon Wireless, Sprint Spectrum LP et al., Federal Court – Eastern District of Texas – Deposition and Trial before Judge Schroeder

*Cell and Network Selection LLC v. ZTE (USA), Inc., MetroPCS Communications, Inc. et al., Federal Court – Eastern District of Texas – Deposition

Glenridge Pharmaceuticals, LLC v. Questcor Pharmaceuticals, Inc., Superior Court, Santa Clara County California – Deposition

*Quiksilver, Inc. et al. v. Rox Volleyball, Inc. et al., Federal Court – Central District of California – Deposition and Trial before Judge Guilford

*U.S. Bancorp v. Solutran, Inc., United States Patent Trial and Appeal Board – Declaration and Testimony via Deposition

*EMC Corporation, et al. v. Zerto, Inc., Federal Court – District of Delaware – Deposition and Trial before Judge Sleet

*Certain Consumer Electronics and Display Devices with Graphics Processing and Graphics Processing Units Therein, Investigation No. 337-TA-932, International Trade Commission – Deposition

*Certain Footwear Products, Investigation No. 337-TA-936, International Trade Commission – Deposition

*HSM Portfolio LLC and Technology Properties Limited, LLC, v. Micron Technology, Inc., Federal Court – District of Delaware – Deposition

*Greatbatch, Inc. v. AVX, Inc., Federal Court – District of Delaware – Deposition and Trial before Judge Stark

*Speedfit LLC v. Woodway, Inc., Federal Court – Eastern District of New York – Deposition

*Beverage Dispensing Solutions, LLC v. The Coca-Cola Company, Federal Court – District of Georgia – Deposition

*Callwave, Inc. v. Broadsoft, Inc., Federal Court – District of Delaware – Deposition

*Callwave, Inc. v. Google, Inc., Federal Court – District of Delaware – Deposition

*SNMPRI, Inc. v. Avaya, Inc., Federal Court – District of Delaware – Deposition

* Denotes matter involving intellectual property

**Exhibit B**

*Bombardier Recreational Products, Inc. v. Arctic Cat, Inc.*, Federal Court – District of Minnesota – Deposition and Trial before Judge Tunheim

*Brigham & Women's Hospital and Investors Bio-Tech LLC v. Perrigo, Inc.*, Federal Court – District of Massachusetts – Deposition and Trial before Judge Zobel

*AngleFix LLC v. Wright Medical Products, LLC*, Federal Court – Western District of Tennessee – Deposition

*Cellular Communications Equipment LLC v. Apple Inc., AT&T Mobility LLC, Verizon Communications, Inc., Cellco Partnership d/b/a Verizon Wireless, Sprint Corporation, Sprint Solutions, Inc., Sprint Spectrum LP, Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc.*, Federal Court – Eastern District of Texas – Deposition and Trial before Judge Mitchell

*Cellular Communications Equipment LLC v. HTC Corporation, ZTE Corporation, Exedea, Inc., AT&T Mobility LLC, Cellco Partnership Inc. d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum LP, Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc.*, Federal Court – Eastern District of Texas – Deposition

*NaviSite, Inc. v. CareOne Management, LLC and Partners Pharmacy Services*, Superior Court – Suffolk County Massachusetts – Deposition

*Protect-A-Car Wash Systems, Inc. v. Car Wash Partners, Inc., MCW Inc., and John L. Lai*, Federal Court – Northern District of Maryland – Deposition

*NetScout Systems, Inc. v. Gartner, Inc.*, Superior Court – Judicial District of Stamford/Norwalk, Connecticut – Deposition

*Solutran, Inc. v. U.S Bank et al.*, Federal Court – District of Minnesota – Deposition and Trial before Judge Nelson

*TPI, Inc. v. Facebook, Inc.*, Federal Court – District of Massachusetts – Deposition

*Certain Mobile and Portable Electronic Devices Incorporating Haptics (Including Smartphones and Laptops) and Components Thereof*, Investigation No. 337-TA-1004/990, International Trade Commission – Deposition and Hearing before Chief Judge Bullock

*Certain Hybrid Electric Vehicles and Components Thereof*, Investigation No. 337-TA-998, International Trade Commission – Deposition

*Certain Access Control Systems and Components Thereof*, Investigation No. 337-TA-1016, International Trade Commission – Deposition and Hearing before Judge Pender

*Malibu Boats, LLC v. MasterCraft Boat Company, LLC*, Federal Court – Eastern District of Tennessee – Deposition

*Chapco, Inc. and Samsara Fitness, LLC v. Woodway USA, Inc.*, Federal Court – District of Connecticut – Deposition

*Zoetis LLC et al. v. Roadrunner Pharmacy, Inc.*, Federal Court – District of New Jersey – Deposition

\* Denotes matter involving intellectual property

**Exhibit B**

\*<u>IPS Group, Inc. v. Duncan Parking Solutions, Inc. et al.</u>, Federal Court – Southern District of California – Deposition

\*<u>Certain Hybrid Electric Vehicles and Components Thereof</u>, Investigation No. 337-TA-1042, International Trade Commission – Deposition and Hearing before Judge Shaw

\*<u>Pacific Packaging Products, Inc. v. Packing Partners, LLC et al.</u>, Superior Court – Middlesex County Massachusetts – Deposition

<u>In re Namenda Direct Purchaser Antitrust Litigation</u>, Federal Court – Southern District of New York – Deposition

\*<u>Certain Dental Ceramics, Products Thereof, and Methods of Making the Same</u>, Investigation No. 337-TA-1050, International Trade Commission – Deposition

\*<u>DSM IP Assets, B.V. et al. v. Lallemand Specialties, Inc. & Mascoma LLC</u>, Federal Court – Western District of Wisconsin – Deposition and Trial before Judge Conley

\*<u>Cellular Communications Equipment LLC v. HTC Corporation, HTC America, Inc., ZTE (USA), Inc.</u>, Federal Court – Eastern District of Texas – Deposition

<u>Concordia Pharmaceuticals Inc., S.À.R.L. v. Winder Laboratories, LLC, and Steven Pressman</u>, Federal Court – Northern District of Georgia – Deposition

\*<u>Eagle View Technologies, Inc. v. Xactware Solutions, Inc., and Verisk Analytics, Inc.</u>, Federal Court – Northern District of New Jersey – Deposition and Trial before Judge Bumb

\*<u>Certain Color Intraoral Scanners and Related Hardware and Software</u>, Investigation No. 337-TA-1091, International Trade Commission – Deposition and Hearing before Judge Cheney

\*<u>Certain Intraoral Scanners and Related Hardware and Software</u>, Investigation No. 337-TA-1090, International Trade Commission – Deposition and Hearing before Judge Lord

<u>America's Test Kitchen Inc., as the Sole General Partner of America's Test Kitchen Limited Partnership, v. Christopher Kimball, CPK Media, LLC, Melissa Baldino, Christine Gordon, Deborah Broide doing business as Deborah Broide Publicity, CPK Holdco, LLC and William Thorndike</u>, Superior Court – Suffolk County Massachusetts – Deposition

<u>REXA, Inc. v. Mark Vincent Chester and MEA Inc.</u>, Federal Court – Northern District of Illinois – Deposition

<u>Malden Transportation, Inc. et al. v. Uber Technologies, Inc.</u>, Federal Court – District of Massachusetts – Deposition

<u>Merck & Co., Inc. and Merck Sharp & Dohme Corp. v. Merck KGaA</u>, Federal Court – District of New Jersey – Deposition

\*<u>Certain Infotainment Systems, Components Thereof, and Automobiles Containing the Same</u>, Investigation No. 337-TA-1119, International Trade Commission – Deposition and Hearing before Judge Lord

\* Denotes matter involving intellectual property

**Exhibit B**

In Re: Loestrin 24 Fe Antitrust Litigation, Federal Court – District of Rhode Island - Deposition

Arbor Pharmaceuticals, Inc., v. ANI Pharmaceuticals, LLC, Federal Court – District of Minnesota– Deposition

*Certain Motorized Vehicles and Components Thereof, Investigation No. 337-TA-1132, International Trade Commission – Deposition

*Certain Dental and Orthodontic Scanners and Software, Investigation No. 337-TA-1144, International Trade Commission – Deposition and Hearing before Judge McNamara

*Balchem Corporation and Albion Laboratories, Inc. v. Daniel Todd Edwards and Mil Agro, Inc., Federal Court – Southern District of New York – Deposition

*LBI, Inc. v. Jared Sparks, Jay Williams, and Charles River Analytics, Inc., Superior Court – New London, Connecticut – Deposition

*IPS Group, Inc. v. Duncan Parking Solutions, Inc. et al., FEDARB – Provided testimony in arbitration proceedings before Judge Folsom

*Astellas Institute for Regenerative Medicine, Stem Cell & Regenerative Medicine International, Inc., v. ImStem Biotechnology, Inc., et. al., Federal Court – District of Massachusetts – Deposition

*Agilent Technologies, Inc. v. Twist Bioscience Corp., Emily Leproust, et. al., Superior Court – County of Santa Clara, California – Deposition

*Myers Power Products, Inc.. v. Pioneer Power Solutions, Inc., et. al., Superior Court – County of Los Angeles, California – Deposition

## Publications Within the Past Ten Years

"Evaluating Reasonable Royalties After ResQNet," Philip Green, Rachel Hughey, IP Law360, Oct. 2010

"The 25% Rule is Dead – Now What?" Philip Green, Creighton G. Hoffman, IP Law360, Jan. 2011

* Denotes matter involving intellectual property

**Exhibit C**



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

Exhibit C-1



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

Exhibit C-1



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

Exhibit C-1



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

Exhibit C-2



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

**Exhibit C-2**



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

Exhibit C-2



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*

**Exhibit D**



*CONFIDENTIAL - ATTORNEYS' EYES ONLY*