UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELTONA TRANSFORMER
CORPORATION,**

**Plaintiff,**

v.                                                    **Case No. 6:19-cv-308-CEM-LRH**

**THE NOCO COMPANY,**

**Defendant.**

_____/

## VERDICT FORM

### I.    NOCO'S AFFIRMATIVE DEFENSE AND COUNTERCLAIMS

1. Do you find by a preponderance of the evidence that Deltona's U.S.
Registration No. 3474591 for the "BATTERY TENDER" trademark for use in
connection with "*Battery charger for use in marine industry, motorcycles,
automotive or, in any vehicle or application using lead acid or gel batteries*" is
invalid because the registered trademark is a generic designation for the goods
covered by the registration?

Answer Yes or No          No

**Note:** If your answer to Question Number 1 is No, please
skip to Question Number 3. If your answer to Question
Number 1 is Yes, proceed to Question Number 2.

2. On what approximate month and year do you find that that Deltona's U.S. Registration No. 3474591 for the "BATTERY TENDER" trademark became generic?

Answer Approximate Month and Year _____

3. Do you find by a preponderance of the evidence that Deltona's U.S. Registration No. 4750963 for the "BATTERY TENDER" trademark for use in connection with "*Batteries; battery chargers; battery maintainers; battery monitors; battery testers; waterproof battery chargers; trickle battery chargers; renewable battery charger systems consisting primarily of battery charging devices, solar panels, charge controllers and battery cables; solar panels for production of electricity; power supplies for batteries; battery conditioners; battery voltage indicators; portable battery charger systems consisting primarily of battery charging devices, charge controllers and battery cables; portable power supply systems consisting primarily of power supply devices, charge controllers and battery cables; battery jump starters; power supply connectors, battery charging devices and adaptors for use with portable electronic devices; battery cases; battery power connectors and adaptors; battery terminal connector clamps; carrying cases for battery chargers and accessories; digital voltage indicators; extension cables; and*

*battery terminal harnesses*" is invalid because the registered trademark is a generic

designation for the goods covered by the registration?

Answer Yes or No _____No_____

**Note:** If your answer to Question Number 3 is No, please
do not answer Question Number 4 and skip to Section II
Deltona's Claims. If your answer to Question Number 3 is
Yes, proceed to Question Number 4.

4. On what approximate month and year do you find that Deltona's U.S.

Registration No. 4750963 became generic?

Answer Approximate Month and Year _____

## II.  DELTONA'S CLAIMS

**Note:** Do not answer Question Number 5 if your answers
to **both** Question Number 1 and Question Number 3 were
Yes **and** in Question Numbers 2 and 4 you found that both
BATTERY TENDER trademarks were generic prior to
December 2014. If that is the case, proceed to Question
Number 6. Otherwise, please answer Question Number 5.

5. Do you find by a preponderance of the evidence that NOCO's use of the

terms "Battery Tender(s)," "Tender(s)," "battery tender(s)," or "tender(s)," caused a

likelihood of confusion with Deltona's BATTERY TENDER trademarks?

Answer Yes or No _____Yes_____

6. Do you find by a preponderance of the evidence that NOCO's use of the

terms "Battery Tender(s)," Tender(s)," "battery tender(s)," or "tender(s)," caused a

likelihood of confusion with Deltona's DELTRAN BATTERY TENDER

trademark?

Answer Yes or No        Yes

7. Do you find by a preponderance of the evidence that Deltona proved its

false advertising claim?

Answer Yes or No        Yes

> **Note:** If you did not answer Question Number 5 or your
> answer to Question Number 5 was No **and** your answers
> to Question Numbers 6 **and** 7 are No, please stop and have
> your foreperson sign and date this Verdict Form without
> answering any of the remaining questions. If your answers
> to Question Numbers 5, 6, **and** 7 are No, please stop and
> have your foreperson sign and date this Verdict Form
> without answering any of the remaining questions. If your
> answer to Question Number 5, 6 **or** 7 is Yes, proceed to
> Question Number 8.

## III.  DAMAGES

8. Do you find by a preponderance of the evidence that Deltona has suffered

actual damages?

Answer Yes or No   Yes

> **Note:** If your answer to Question Number 8 is No, please
> skip to Question Number 10. If your answer to Question
> Number 8 is Yes, proceed to Question Number 9.

9. If your answer to Question Number 7 is Yes, what is the amount of actual

damages?

$   1,300,000

**Note:** If you answered Question Number 9, please skip to Question Number 12.

10. Do you find that Deltona is entitled to nominal damages?

Answer Yes or No _____

**Note:** If your answer to Question Number 10 is No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 10 is Yes, proceed to Question Number 11.

11. If your answer to Question Number 10 is Yes, what is the amount of nominal damages?

$ _____

12. Do you find by clear and convincing evidence that NOCO committed intentional misconduct or gross negligence, which was a substantial cause of damage to Deltona, such that Deltona is entitled to punitive damages?

Answer Yes or No _Yes_____

SO SAY WE ALL

_____  _25 May 2021_
Foreperson Signature           Date

_Richard E. Anderson JR_
Print Name