UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELTONA TRANSFORMER CORPORATION,**

        **Plaintiff,**

v.                                                          Case No. 6:19-cv-308-CEM-LHP

**THE NOCO COMPANY,**

        **Defendant.**

                                        /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Judgment as a Matter of Law on Common Law Trademark Infringement ("First Motion," Doc. 300), Defendant's Motion for Judgment as a Matter of Law on Failure to Show Consumer Harm Under FDUTPA ("Second Motion," Doc. 301), Defendant's Motion for Judgment as a Matter of Law on Liability on Counts 1 through 4 ("Third Motion," Doc. 302), and Defendant's Motion for Judgment as a Matter of Law on No Actual Damages ("Fourth Motion," Doc. 303) (collectively, "Motions"). As set forth below, the Motions will be denied.

        **I.**        **BACKGROUND**

Plaintiff is the owner of various trademarks, including the marks BATTERY TENDER and DELTRAN BATTERY TENDER ("Plaintiff's Marks"). (*See*

*generally* Pl.'s Trial Ex. 1A, Doc. 318-1; Pl.'s Trial Ex. 1B, Doc. 318-2; Pl.'s Trial Ex. 1E, Doc. 318-3). This case arises from Defendant's infringement of Plaintiff's Marks. At trial, Plaintiff presented evidence that throughout the relevant time period, Defendant intentionally infringed Plaintiff's Marks by engaging in a campaign to confuse customers. At the conclusion of trial, the jury found in favor of Plaintiff on its Lanham Act claims, common law trademark claim, and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim. (*See generally* Verdict, Doc. 315). The jury further awarded actual damages. (*Id.* at 4).[1] Defendant now moves for judgment as a matter of law on four separate bases.

## II.  LEGAL STANDARD

The Court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "[J]udgment as a matter of law after the verdict may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 739 (11th Cir. 1995) (quotation omitted). In ruling on such a motion, the Court "must draw all reasonable

---

[1] The jury also awarded Plaintiff punitive damages, but those are not at issue here. (*See generally* Punitive Damages Verdict, Doc. 317).

inferences in favor of the nonmoving party." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. [A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 1193 (alteration in original) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)).

### III. ANALYSIS

**A.   First Motion—Common Law Trademark Infringement (Doc. 300)**

Defendant asserts that under common law, it is Plaintiff's burden to establish that its marks are not generic and that Plaintiff has failed to do so. Defendant cites—without a pincite or explanation—five of its exhibits. (Doc. 300 at 3). All of these exhibits are email correspondence between various retailers and Plaintiff where the retailers are referring to Plaintiff's products and use the term "battery tender" without capitalizing the term. (Def.'s Trial Ex. 111, Doc. 319-12, at 2; Def.'s Trial Ex. 118, Doc. 319-16, at 2; Def.'s Trial Ex. 120, Doc. 319-17, at 3; Def.'s Trial Ex. 255, Doc. 319-32, at 5; Def.'s Trial Ex. 462, Doc. 319-131, at 1. *But see* Doc. 319-17 at 2 (within the same email chain capitalizing the term "Battery Tender" and using it in a manner to specifically describe Plaintiff's product)). First, Defendant has not explained why using Plaintiff's Mark without capital letters, indicates that the usage

is generic. (*See* Doc. 318-1 at 2; Doc. 318-2 at 2; Doc. 318-3 at 2 (indicating that Plaintiff's Marks "consist[] of standard characters without claim to any particular font, style, size, or color")). Moreover, when the emails are read in context—a retailer discussing carrying Plaintiff's specific products—these exhibits are just as likely to show that the uncapitalized term "battery tender" is used to refer specifically to Plaintiff's products, rather than in a generic manner. Additionally, Plaintiff offered an abundance of evidence at trial establishing that the term "battery tender" had not become generic. Defendant's First Motion will be denied.

      **B.**     **Second Motion—Consumer Harm under FDUTPA (Doc. 301)**

Defendant next argues that it is entitled to judgment on the FDUTPA claim because Plaintiff failed to establish any harm to consumers. FDUTPA makes "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . unlawful." Fla. Stat. § 501.204(1). "A deceptive act is one which is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1302 (M.D. Fla. 2017) (quotation omitted). And, "an unfair practice is one which causes substantial injury to a consumer which the consumer could not have reasonably avoided and which is not outweighed by countervailing benefits to the consumer or to competition." *Id.* (citing *Porsche Cars N. Am., Inc., v. Diamond*, 140 So. 3d 1090, 1096 (Fla. 3d DCA

2014)). "Importantly, an act is not deceptive and a practice is not unfair unless a consumer was actually aggrieved by the act or practice." *Id.* (citing *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000)); *Env't Mfg. Sols., LLC v. Fluid Grp. Ltd.,* No. 6:18-cv-156-Orl-40KRS, 2018 U.S. Dist. LEXIS 131382, at *51 (M.D. Fla. May 9, 2018). Therefore, "[w]hile an entity does not have to be a consumer to bring a FDUTPA claim, it still must prove the elements of the claim, including an injury to a consumer." *Stewart Ag., Inc. v. Arrigo Enters.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019) (citation omitted); *see also Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015); *Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc.*, No. 3:17-cv-00686-MCR-CJK, 2018 U.S. Dist. LEXIS 224519, at *16 (N.D. Fla. Sep. 27, 2018) ("While the 2001 amendment expanded the class of plaintiffs eligible to bring an action for damages, it did not modify the requirement that the plaintiff allege facts plausibly suggesting consumer injury or detriment in order to state a claim.").

Defendant's argument is premised on the assumption that the injury from its deceptive acts and unfair practices must have been suffered by the consumers of Plaintiff's and Defendant's products. But, Defendant cites no authority for such a proposition. Instead, Plaintiff clearly falls within the definition of "consumer" under FDUTPA. Fla. Stat. § 501.203(7) ("'Consumer' means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture;

partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination."). And, as discussed below, Plaintiff established that it—a consumer—suffered actual damages. Accordingly, Defendant has not established that it is entitled to judgment on the FDUTPA claim, and the Second Motion is due to be denied.

  C.  **Third Motion—Likelihood of Confusion (Doc. 302)**

Defendant next argues that it is entitled to judgment as a matter of law on liability for all of Plaintiff's claims. Specifically, Defendant asserts that Plaintiff failed to provide any evidence of likelihood of confusion. Quite simply, Defendant ignores the record evidence. Plaintiff presented evidence of actual confusion, for example in the form of customer messages, as well as evidence that could lead a reasonable jury to conclude that there was a likelihood of confusion, such as evidence that Defendant engaged in a campaign to intentionally confuse customers. Defendant's Third Motion is due to be denied.

  D.  **Fourth Motion—Actual Damages (Doc. 303)**

Defendant asserts that it is entitled to judgment as a matter of law because Plaintiff failed to produce any evidence of actual damages. Specifically, Defendant argues that Plaintiff failed to produce at trial any specific financial documentation regarding the monetary value of the brand's goodwill prior to Defendant's infringement and the monetary value of the goodwill after the infringement.

However, Plaintiff's damages need not be "susceptible to precise calculations." *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008). Instead, in a situation "where plaintiff's injury 'is of such a nature as to preclude the ascertainment of the amount of damages with certainty . . . it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1520 (11th Cir. 1990) (quoting *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931)). Plaintiff spent a considerable amount of time at trial establishing the efforts it went through to build goodwill in its brand and the extensive efforts that were taken to restore that goodwill after Defendant's infringement. This evidence is sufficient to support the jury's verdict. *See Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1112 (9th Cir. 2012) ("In measuring harm to goodwill, a jury may consider a plaintiff's expenditures in building its reputation in order to estimate the harm to its reputation after a defendant's bad acts.").

### IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Judgment as a Matter of Law on Common Law Trademark Infringement (Doc. 300) is **DENIED**.

2. Defendant's Motion for Judgment as a Matter of Law on Failure to Show Consumer Harm Under FDUTPA (Doc. 301) is **DENIED**.

3. Defendant's Motion for Judgment as a Matter of Law on Liability on Counts 1 through 4 (Doc. 302) is **DENIED**.

4. Defendant's Motion for Judgment as a Matter of Law on No Actual Damages (Doc. 303) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record