**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELTONA TRANSFORMER
CORPORATION,

        Plaintiff,

v.                            Case No:   6:19-cv-308-CEM-LHP

THE NOCO COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT THE NOCO COMPANY'S OPPOSED MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF PROCEEDINGS TO ENFORCE JUDGMENT (Doc. No. 430)**
>
> **FILED:** October 30, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part.**[1]

---

[1] The undersigned addresses the motion by Order pursuant to the authority provided by 28 U.S.C. § 636 and *In re: Authority of United States Magistrate Judges in the*

On September 29, 2023, following a jury trial on liability and damages and a bench trial on disgorgement, the Court directed the Clerk to enter judgment in the total amount of $19,185,943.70 in favor of Plaintiff Deltona Transformer Corporation and against Defendant The NOCO Company. Doc. No. 423. Judgment was entered accordingly on September 30, 2023. Doc. No. 424. On October 16, 2023, Plaintiff moved for entitlement to attorney's fees and non-taxable costs and submitted a proposed bill of taxable costs. Doc. Nos. 426–27. In those filings, Plaintiff claims $1,795,460.45 in attorneys' fees, $263,941.91 in non-taxable costs, and $124.710.35 in taxable costs. *Id*. The motion and bill of costs remain pending.

On October 30, 2023, several additional motions were filed, including Plaintiff's motion to alter judgment to include an award of pre-judgment interest, post-judgment interest, and enhanced damages in the additional amount of $7,071,219.31 (Doc. No. 431), and Defendant's renewed motion for judgment as a matter of law (Doc. No. 432). These motions also remain pending, with Defendant's response to the motion to alter judgment due on or before November 20, 2023. *See* Local Rule 3.01(c).

---

*Middle District of Florida*, No. 8:20-mc-100-T-23 (Doc. No. 3, at 5, Oct. 29, 2020).

Also on October 30, 2023, Defendant filed the above-styled motion seeking approval of a supersedeas bond in the amount of $20,757,272.50, and a stay of all proceedings to enforce and/or execute on the September 30, 2023 judgment until all post-trial motions and appeals are fully and finally resolved.  Doc. No. 430.  In response, Plaintiff agrees to the filing of a supersedeas bond and a stay of enforcement/execution proceedings but argues that the amount of the bond proposed by Defendant is too low.  Doc. No. 434.  Instead, Plaintiff proposes a bond "in an amount of no less than twenty-five percent in excess of the total calculated judgment."  *Id.*, at 7.  The motion has been referred to the undersigned, and upon consideration, will be granted in part and denied in part.

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Fed. R. Civ. P. 62(b).  The bond "preserve[s] the status quo while protecting the non-appealing party's rights pending appeal."  *Popular Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).[2] It also "secures the prevailing party against any loss sustained as a result of being

---

[2] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* at 1191. For this reason, courts have found the bond should ordinarily include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for the delay." *Id.* (citations omitted); *cf., e.g., Hiscox Dedicated Corporate Member, Ltd. v. Matrix Grp. Ltd., Inc.*, Case No. 8:09-cv-2465-T-33AEP, 2012 WL 333806, at *1 (M.D. Fla. Feb. 1, 2012) (requiring a bond of the judgment amount plus twenty-five percent).

"The Middle District's local rules, unlike some other districts', give no suggested formula for a supersedeas bond." *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, Case No. 8:16-cv-799-T-02CPT, 2020 WL 674155, at *1 (M.D. Fla. Feb. 11, 2020). However, courts in this District have recently approved bonds that provide for ten to forty percent in excess of the total calculated judgment amount to account for fees and interest that have not been accrued, calculated, or awarded. *See, e.g., id.* at *2 (setting a bond at 125% of the judgment); *Commodores Ent. Corp. v. McClary*, Case No. 6:14-cv-1335-Orl, 2019 WL 13037029, at *1–2 (M.D. Fla. Dec. 23, 2019) (setting a bond of 140% and noting that "the bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for the delay" (quotation omitted)); *Regions Bank v. Legal Outsource PA*, Case No. 2:14-cv-476-FtM, 2017 WL 11461033, at *3 (M.D. Fla. Apr. 27, 2017) (adding ten percent to the estimated judgment value).

Defendant's proposed bond of $20,757,272.50 only accounts for the amount of the judgment as of September 30, 2023 and post-judgment interest at a rate of 5.46% for 18 months.  Doc. No. 430, at 2.  Defendant argues that its proposed bond is sufficient because (1) it has already been approved and executed by its surety; (2) is payable to Plaintiff if the judgment is affirmed or Defendant's upcoming appeal is dismissed; (3) the amount of the bond is for the entire judgment plus post-judgment interest for 18 months; (4) the amount of time Defendant calculated is more than enough to cover resolution of the post-trial motions and any appeals; (5) Plaintiff's request for prejudgment interest is not a foregone conclusion; and (6) Plaintiff's counsel previously agreed to a supersedeas bond in the amount of 110% of the judgment, which would not account for prejudgment interest in any event. Doc. No. 430, at 3–5.

Plaintiff, however, counters that the proposed bond Defendant unilaterally chose is insufficient because it does not account for any potential award of attorney's fees and costs (taxed and non-taxed), does not account for Plaintiff's requested enhanced damages and/or prejudgment interest, and does not adequately account for the volume of the Court's and the Eleventh Circuit's docket. Doc. No. 434, at 2–3, 6–7.  Thus, Plaintiff argues that a more appropriate bond would be no less than 25% in excess of the total calculated judgment.  *Id.*, at 7.

Plaintiff, however, does not define "total calculated judgment," or suggest any specific amount. *Id.*

Upon consideration, the Court finds the amount proposed by Defendant insufficient as it does not account for any costs, attorneys' fees, enhanced damages or prejudgment interest – all of which Plaintiff is seeking. *See* Doc. Nos. 426–27, 431. Nor does the suggested bond adequately account for the time it may take to resolve both the post-trial motions (at least one of which is not even ripe yet) and to resolve all appeals (which have not yet been filed). And Defendant has not provided an objective basis for posting a lesser bond, such as a "present financial ability to facilely respond to a money judgment," or that Defendant's "present financial condition is such that the posting of a full bond would impose an undue financial burden."[3] *Popular Grove*, 600 F.2d at 1191. As such, the Court finds that based on the facts of this case and its current procedural posture, that a bond in the amount of 125% of the unexecuted judgment is sufficient to protect Plaintiff's interests. *See Action Nissan, Inc. v. Hyundai Motor Am.*, Case No. 6:18-cv-380-WWB-EJK, 2022 WL 17370291, at *1 (M.D. Fla. Apr. 6, 2022) (setting supersedeas bond at 25% more than the existing judgment in the case, to account for fees, interest, and

---

[3] The Court is not persuaded by Defendant's reference to negotiations with Plaintiff on the amount of the bond that took place prior to the filing of the present motion, and prior to Plaintiff's filing of its motion to alter judgment.

costs that are not yet accrued, calculated or awarded, as well as the length of time that it will take to resolve post-trial motions and appeals); *Commodores Ent. Corp.*, 2019 WL 13037029, at *2 (requiring defendant to post security for the value of the outstanding judgment, plus costs, attorney's fees, interest, and damages for the delay).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant The Noco Company's Opposed Motion for Approval of Supersedeas Bond and Stay of Proceedings to Enforce Judgment (Doc. No. 430) is **GRANTED IN PART** as set forth in this Order and **DENIED** in all other respects.

2. All enforcement/execution proceedings on the September 30, 2023 Judgment (Doc. No. 424) are hereby **STAYED** pending resolution of all pending motions and appeals in this case.

3. The amount of the supersedeas bond is set at $23,982,429.63, which is 25% more than the September 30, 2023 Judgment, rounded to the nearest cent. On or before November 29, 2023, Defendant is **DIRECTED** to post a supersedeas bond in this amount, or deposit this amount with the Clerk of Court and to file written

certification of the same with the Court.  **Failure to timely post the supersedeas bond or deposit the amount with the Clerk of Court will result in the Court lifting the stay without further notice.**

      **DONE** and **ORDERED** in Orlando, Florida on November 15, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties