UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELTONA TRANSFORMER
CORPORATION,

      Plaintiff,

v.                                                                    Case No:   6:19-cv-308-CEM-LHP

THE NOCO COMPANY,

      Defendant

---

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND NON-TAXABLE COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 426)**
>
> **FILED:** October 16, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** **DEFENDANT THE NOCO COMPANY'S MOTION TO REVIEW TAXED COSTS AND OBJECTIONS TO PLAINTIFF'S BILL OF COSTS (Doc. No. 441)**

> **FILED:** **November 22, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On September 30, 2023, Judgment was entered in favor of Plaintiff and against Defendant in the amount of $19,185,943.70. Doc. No. 424. On October 16, 2023, Plaintiff filed a motion for entitlement to an estimated $1,795,460.45 in attorneys' fees and $263,941.91 in non-taxable costs pursuant to Local Rule 7.01, as well as a proposed bill of costs, which was taxed by the Clerk in the amount of $124,710,35 on November 15, 2023. Doc. Nos. 426, 427, 437. Defendant has filed a response in opposition to the motion for entitlement, as well as a motion challenging the taxed costs, to which Plaintiff has filed a response. Doc. Nos. 435, 441, 443. Both the motion for entitlement and the motion challenging taxed costs have been referred to the undersigned and remain pending as of the date of this Order.

In the meantime, the parties filed several motions seeking to amend and/or overturn the September 30, 2023 Judgment. Specifically, on October 30, 2023, Plaintiff moved to alter the September 30, 2023 Judgment to include an award of prejudgment and post-judgment and enhanced damages, and Defendant moved for judgment as a matter of law under Fed. R. Civ. P. 50(b), and alternatively for a new

trial under Fed. R. Civ. P. 59(a). Doc. Nos. 431–32, 440. Both motions have been responded to, *see* Doc. Nos. 436, 443, and they remain pending before the Presiding District Judge. No appeal has yet been filed, although it appears that at least one appeal will be forthcoming upon resolution of the motions related to the September 30, 2023 Judgment. *See, e.g.*, Doc. Nos. 430, 434, 438; *see also* Doc. No. 435, at 19–20. In fact, all enforcement and execution proceedings on the September 30, 2023 Judgment are stayed pending resolution of all pending motions and appeals in this case. Doc. No. 438.

Upon consideration of the above-described procedural posture of this case, it appears that resolution of the pending motions concerning attorneys' fees and costs (both taxed and non-taxed) would be premature. Determination of the pending motions related to the September 30, 2023 Judgment (Doc. Nos. 431–32, 440), and any subsequent appeals, regardless of their outcome, will surely affect consideration of the issue of attorneys' fees and costs. As such, the undersigned finds it appropriate to await the outcome of the resolution of the parties' motions (Doc. Nos. 431-432, 440) before addressing any motions concerning attorneys' fees and costs. *See E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-cv-450-SPC-NPM, 2022 WL 19914347, at *2 ("The court chooses to exercise its discretion in favor of staying the fee-and-cost dispute until EZ Dock's Rule 59(e) motion and potential appeal have been resolved."); *Air Turbine Tech., Inc. v. Atlas Copco*, No. 01–CV–8288, 2004

WL 3778793, at *5 (S.D. Fla. Apr. 20, 2004) ("Given the various disputed legal issues regarding both the fee application and the merits of the underlying claims, judicial resources are best served by not expending time and effort adjudicating fees which may be unnecessary.").

Not only is this result appropriate to avoid the possibility of wasting judicial resources and adjudicating issues which may become moot, but such fee adjudication will likely need to be recalculated once the pending motions and anticipated appeals conclude. *See Air Turbine Tech.*, 2004 WL 3778793, at * 5. *See also United States ex rel. GLF Constr. Corp. v. FEDCON Joint Venture*, No. 8:17-cv-1932-CEH-AAS, 2021 WL 1186839, at *2 (M.D. Fla. Mar. 30, 2021) ("Given the pending motion for amended or additional findings, or in the alternative, a new trial and appeal to the Eleventh Circuit, the court exercises its discretion to deny the motions for attorney's fees, costs, and prejudgment interest without prejudice and allow the parties to refile after the appeal has been resolved."). *Cf. Action Nissan, Inc. v. Hyundai Motor Am. & Genesis Motor Am.*, No. 6:18-cv-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022) (exercising discretion to defer resolution of attorney's fees until after resolution of appeal); *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020) (same); *Truesdell*

*v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016) (same).

Accordingly, Plaintiff's Motion for Entitlement to Attorney's Fees and Non-Taxable Costs and Incorporated Memorandum of Law (Doc. No. 426) and Defendant The NOCO Company's Motion to Review Taxed Costs and Objections to Plaintiff's Bill Of Costs (Doc. No. 441) are both **DENIED without prejudice** to filing renewed motions, if appropriate, within **twenty-one days** of the conclusion of this action and any related appeals.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties